IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CRYSTAL KENYATTA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CV-323 |
| | ) | |
| CHALMERS-JUDD LAND ENTERPRISE, LLC, CHATHAM COUNTY REGISTER OF DEEDS, LEE COUNTY REGISTER OF DEEDS, and STATE OF NORTH CAROLINA, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The plaintiff, Crystal Kenyatta, filed suit seeking the return of real property she contends was stolen from her ancestor over a hundred years ago, along with money damages. Because this Court lacks subject matter jurisdiction, the motions to dismiss filed by all the defendants will be granted.

I. **Overview of Allegations and Claims**

Ms. Kenyatta alleges that the real property at issue was owned by her direct ancestor, who placed it in trust for his nine children in 1871. Doc. 1 at ¶¶ 12–13. A "year or two" later, the trustees sold some of the property "without proof of legal authority, court oversight, or benefit to the heirs." *Id.* at ¶ 16. That buyer sold some of the property in 1905, *id.* at ¶ 17, and that buyer's "descendent" conveyed some of the property to defendant, Chalmers-Judd Land Enterprise, in 2004. *Id.* at ¶ 18. The various deeds were

filed with the Register of Deeds defendants in the years the property was conveyed. *Id.* at ¶¶ 17–18.

In the complaint, Ms. Kenyatta seeks relief from two county Registers of Deeds, the State of North Carolina, and the current owner of some of the property. *Id.* at 1. She asserts claims for constitutional violations based on the equal protection, due process, and Takings Clause, race discrimination, breach of fiduciary duty, and unjust enrichment. *Id.* at 9–12. She seeks declaratory relief under 28 U.S.C. § 2201, to quiet title, imposition of a constructive trust, equitable restitution, and money damages. *Id.* at 10–13.

## II. Standing

"Article III of the Constitution confines the federal courts to adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (cleaned up). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must establish three elements: (1) "an injury-in-fact," (2) "a causal connection between the injury and the conduct complained of," and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560–61 (cleaned up). To establish an injury-in-fact, a plaintiff "must allege a distinct and palpable injury to [themselves]." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Here, Ms. Kenyatta does not have standing to raise any of the causes of action she asserts. She cannot show that she was personally injured by the allegedly unlawful conveyances, nor is there a likelihood that her speculative injury will be redressed by a favorable decision.

Ms. Kenyatta is not one of the nine children who were beneficiaries of the trust allegedly established in 1871; she alleges there were nine such children and that she is the great-great-great-grandchild of one of those nine children. Doc. 1 at ¶ 6. The beneficiaries were the parties injured by any unlawful conveyance in 1871 or any related breach of fiduciary duty, not the plaintiff. Any injury to her is entirely speculative; among other reasons, there is no way to know that she would have inherited any part of the property had it not been sold over 150 years ago.

As the Seventh Circuit has noted in a somewhat similar case, it is "possible" that an ancestor "would have become a wealthy person and left bequests so immense that his remote descendant, the plaintiff, would have inherited more money from his parents or grandparents than he actually did. But that is too speculative an inquiry to provide a basis for a federal suit." *In re Afr.-Am. Slave Descendants Litig.*, 471 F.3d 754, 761 (7th Cir. 2006); *accord Tanner-Brown v. Zinke*, 709 F. App'x 17, 18 (D.C. Cir. 2017). Here, it might be possible that the plaintiff would have ended up owning some of the real property had it not be conveyed, but that is speculative, given the time that has passed and number of alleged heirs. A "vague allegation of harms occurring over an undefined, 140-year time period is not the kind of concrete, particularized injury required to show standing." *Bingham v. Commonwealth of Mass.*, 616 F.3d 1, 7 (1st Cir. 2010).

The plaintiff also purports to bring the action "on behalf of herself and the collective heirs" of the ancestor who created the trust. Doc. 1 ¶ 9. In effect, she is suing to redress harms to her ancestor and her distant cousins. But she has not shown that she is authorized to sue on behalf of those ancestors and their estates.

All the injuries Ms. Kenyatta claims are based on her status as a descendant of the alleged victims. That is not sufficient to confer standing. *See In re Afr.-Am. Slave Descendants Litig.*, 471 F.3d at 759; *Williams v. United States*, No. 22-3121, 2023 WL 5201740 at *2 (7th Cir. Aug. 14, 2023); *Tanner-Brown*, 709 F. App'x at 18.

Not all of the defendants have raised the lack of standing in their motions to dismiss. *See* Docs. 22, 30. But lack of standing is not a defense that can be waived, *see PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 182 (4th Cir. 2023), and the Court has an independent duty to assess its subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."); *accord Alive Church of the Nazarene, Inc. v. Prince William Cnty.*, 59 F.4th 92, 101 n. 3 (4th Cir. 2023).

### III. Other Grounds

All of the defendants make other arguments in support of their motions to dismiss. The court need not address them all but will address a few as alternative bases for its decision. Specifically, the plaintiff has not obtained valid service of process on the Lee County Register of Deeds, and all of Ms. Kenyatta's claims are barred by the statute of limitations.

#### A. Lee County Register of Deeds

"Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)

4

(cleaned up); *see also Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (noting that "[p]ersonal jurisdiction requires valid service of process"). "Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *see also Hawkins*, 935 F.3d at 228.

When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of making a prima facie showing of personal jurisdiction by a preponderance of the evidence, *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020), and must "establish[] that service of process has been accomplished in a manner that complies with Rule 4." *Adkins v. Jackson*, No. 15-CV-102, 2018 WL 1279338, at *2 (W.D.N.C. Mar. 12, 2018) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)).

"In considering whether a plaintiff has met this burden, a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction," and must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *UMG Recordings*, 963 F.3d at 350 (cleaned up); *see also Tart v. Hudgins*, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice"); *accord Wade v. Alamance Cnty. Dep't of Soc. Servs.*, No. 19-CV-619, 2020 WL 3846336, at *2 (M.D.N.C. July 8, 2020) (citing *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

At Ms. Kenyatta's request, the Clerk issued a signed summons to "The Lee County Register of Deeds" on May 1, 2025. Doc. 3 at 5. The return of service filed by the plaintiff shows that Christine Deanglia Preyear served a summons on "kayla unknown last name" on May 12, 2025, Doc. 7, but the summons served on her was unsigned by the Clerk of Court. Doc. 18-1 at 4. The summons is invalid, and the plaintiff has not followed the rules for obtaining service on a state-created governmental organization.

To be valid, a summons must be "signed by the clerk." Fed. R. Civ. P. 4(a)(F). While a valid summons was issued here, it was not the summons served on this defendant, as the law requires.

There are other problems that also make service of process invalid. Fed. R. Civ. P. 4(j)(2) deals with service of process for "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit." Rule 4(j)(2) applies here and requires that process be served either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

There is no evidence that "kayla unknown last name" is the Lee County Register of Deeds or that she is the chief executive officer in the Lee County Register of Deed's office. So, Ms. Kenyatta has not shown that service is valid under Rule 4(j)(2)(A).

Nor has she obtained proper service under North Carolina state law. Those rules require a plaintiff suing "Counties . . . and Other Local Public Bodies" to serve process:

> Upon a county by personally delivering a copy of the summons and of the complaint to its county manager or to the chairman, clerk or any member of the board of commissioners for such county; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its county manager or to the chairman, clerk, or any member of this board of commissioners for such county; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the county manager or to the chairman, clerk, or any member of the board of commissioners of that county, delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(5)(b). Ms. Kenyatta has not shown service by registered or certified mail, much less that service was on one of the designated persons. The attempted service is not valid under Rule 4(j)(2)(B).

### B. The Statute of Limitations

Ms. Kenyatta alleges that the real property at issue was owned by her direct ancestor, who placed it in trust for his nine children in 1871. Doc. 1 at ¶¶ 12–13. A "year or two" later, the trustees sold some of the property "without proof of legal authority, court oversight, or benefit to the heirs." *Id.* at ¶ 16. That buyer sold some of the property in 1905, *id.* at ¶ 17, and that buyer's "descendent" conveyed some of the property to defendant, Chalmers-Judd Land Enterprise, in 2004. *Id.* at ¶ 18. The various deeds were filed with the Register of Deeds defendants in the years the property was conveyed. *Id.* at ¶¶ 17–18.

It is obvious that all of Ms. Kenyatta's claims are barred by the statute of limitations. The last act she identifies was in 2004. *Id.* at ¶ 18. The statute of limitations for her § 1982 and § 1983 claims, counts I through IV, *id.* at 9–10, is three years. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (applying North

7

Carolina's three year statute of limitations to § 1983 actions); *McKnight v. United Mgmt. II, Inc.*, No. 24-CV-139, 2024 WL 4860813, at *3 (W.D.N.C. Nov. 21, 2024) (applying three year statute of limitations to § 1982 claim related to discriminatory housing); *see generally Moore v. Idealease of Wilmington*, 358 B.R. 248, 251 (E.D.N.C. 2006) (discussing statute of limitations applicable to § 1981, § 1982, and § 1983 claims). A declaratory judgment action seeking to invalidate a deed, count V, Doc. 1 at 10, must be filed within seven years of the time of conveyance. *Honeycutt v. Weaver*, 257 N.C. App. 599, 605, 812 S.E.2d 859, 864 (2018) (applying N.C. Gen. Stat. § 1-38 to a claim challenging possession of real property by color of title). Actions to quiet title, count VI, Doc. 1 at 10, have a 10-year statute of limitations. N.C. Gen. Stat. § 1-47(2). A breach of fiduciary duty claim that rises to the level of constructive fraud, count VII, Doc. 1 at 10–11, has a 10-year statute of limitations, *see, e.g.*, *Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (2005), which would also bar her requested remedy of a constructive trust, count X. Doc. 1 at 12. An unjust enrichment claim, count VIII, *id.* at 11–12, has a three-year statute of limitations. N.C. Gen. Stat. § 1-52(9); *Taylor v. Bank of Am., N.A.*, 385 N.C. 783, 786, 788, 898 S.E.2d 740, 744, 745 (2024). Ms. Kenyatta also alleges a claim for what she calls "government-sanctioned land dispossession," count IX, Doc. 1 at 12, but that is not a distinct cause of action from her Takings Clause claim.

    Ms. Kenyatta has not identified any statute of limitations for any of her causes of action that exceeds twenty years. Instead, she contends that her claims fall under the "continuing violation doctrine" because "the wrongful conduct is part of pattern that

continues into the statutory period." Doc. 21 at 3 (citing *Nat'l R.R. Passenger v. Morgan*, 536 U.S. 101 (2002)). This is insufficient to toll or extend the statute of limitations.

The case Ms. Kenyatta cites applied something like the "continuing violation doctrine" in a hostile work environment claim in the employment discrimination context, *Nat'l R.R. Passenger*, 536 U.S. at 115–17, and explicitly rejected it in the context of specific acts of discrimination that have a readily identifiable date. *Id.* at 114. Here, the acts at issue—deeding real property without authority or valid title—have identifiable dates occurring decades ago and the continuing violation doctrine does not apply.

As the Seventh Circuit noted in finding no valid § 1982 claim based on constitutional violations occurring decades earlier to the plaintiffs' ancestors, this is a frivolous claim:

> [S]uits complaining about injuries that occurred more than a century and a half ago have been barred for a long time by the applicable state statutes of limitations. It is true that tolling doctrines can extend the time to sue well beyond the period of limitations—but not to a century and more beyond.

*In re Afr.-Am. Slave Descendants Litig.*, 471 F.3d at 762; *id.* at 759 (rejecting application of the continuing violation theory to claims made on behalf of ancestors as making statutes of limitations "toothless").

**IT IS ORDERED** that:

1. Defendant Lee County Register of Deeds' motion to dismiss, Doc. 17, is **GRANTED**.

2. Defendant Chalmers-Judd Land Enterprise's motion to dismiss, Doc. 22, is **GRANTED**.

3. Defendant State of North Carolina's motion to dismiss, Doc. 26, is **GRANTED**.

4. Defendant Chatham County Register of Deeds motion to dismiss, Doc. 30, is **GRANTED.**

5. Judgment will be entered separately.

This the 15th day of August, 2025.

                                      UNITED STATES DISTRICT JUDGE